AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| United States of America<br>v.<br><br>ROBERT L. PAYNE<br>*Defendant* | )<br>)<br>) Case No.  4:21 CR 196 RLW (JMB)<br>)             4:21 NH 5070 NAB<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
  **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

On 3/15/2021, the undersigned held a hearing on the government's motion for pretrial detention. Pursuant to the CARES Act, Defendant agreed to appear via video conference and his attorney had the opportunity to consult with her prior to the hearing. Attorneys for both parties argued their respective positions and proffered facts. Defendant asked that the Court leave the record open until 3/17/21, so that counsel could obtain a copy of the Bail Report and offer any appropriate objections or supplemental information. On 3/15/2021, the Court and parties received a Bail Report prepared by Pretrial Services. No party offered objections to the background facts in that report or provided any supplement. The undersigned adopts and incorporates by reference herein the facts set out in the Bail Report, but not the conclusions. The undersigned has considered the parties arguments and proffers. Pretrial Services recommends that Defendant be detained pending trial.

** CONTINUED ON ATTACHED SHEET(s) **

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  3/22/2021     /s/ John M. Bodenhausen
                     UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Defendant is charged with serious felony offenses relative to child pornography and enticement. Therefore, the government's detention motion in this case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.  In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community.  In this regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence.  See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).  Moreover, even if a defendant meets his burden of production, "the presumption favoring detention does not disappear, but remains for consideration."  Abad, 350 F.3d at 797.

Defendant requested release on bond.  Defendant is 75 years old, retired, and a lifelong resident of the area with substantial family ties.  Defendant has lived in the same apartment for about two years, and in the same neighborhood for about 8-10 years.  Defendant has lung cancer for which he is receiving treatment.  He also has heart issues and recently underwent throat surgery.  Defendant believes he faces an enhanced risk of an adverse outcome should he become infected with the novel coronavirus.  Defendant acknowledged the government's evidence may appear strong, but he asked the Court to consider that the case involved a sting and that there was no actual victim at risk.  Defendant believes his criminal history is minimal and he can be adequately supervised with the standard conditions associated with sex offender cases.

The government recounted numerous facts and circumstances indicating that Defendant is and has been a persistent threat to young boys.  The government recounted numerous police investigations and other incidents in which Defendant parked at parks to watch boys and when he approached boys for sex.  In 2018, Defendant was charged with sexual misconduct but he was allowed to plead guilty to a misdemeanor harassment charge. The government recounted the conduct at issue that gave rise to the instant charges.  The government also noted that a search warrant was executed at Defendant's residence and law enforcement recovered hundreds of firearms.  The government further noted that, after the search warrant, various neighbors and witnesses came forward with accounts of Defendant preying on and approaching young boys for sex acts.  Defendant is also accused of showing weapons to small boys.  Regarding Defendant's purported health issues, the government asked the Court to consider the fact that the ongoing pandemic has not deterred Defendant's conduct, and that Defendant's daughter reported that Defendant's cancer was in remission and that he would use his health as a means to avoid jail.

The undersigned finds that Defendant proffered sufficient facts to rebut the presumption insofar as it relates to the risk of non-appearance, but he did not proffer sufficient facts to fully rebut the presumption. But even if Defendant has offered sufficient facts to rebut the presumption, based on the entire record before the Court, the undersigned concludes that there is no condition, or combination of conditions, that would ensure Defendant's appearance as well as the safety of the community.

Based on the record before the Court, the undersigned concludes that the government has met its burden of proof. There is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance as well as the safety of the community.

For the limited purpose of deciding the government's motion, the undersigned finds that the government's evidence is very strong and compelling. Although the incident involved a "sting," it was not an online sting. Rather, Defendant has a history of loitering parks to seek boys. Law enforcement used an adult who posed as a boy. Defendant invited the person he thought was a boy to sit in his truck while Defendant played with the boy's genitals. Defendant proposed that the boy meet him at Defendant's apartment for sex because it was safe from the police. Defendant also solicited pornographic images from the boy. The evidence proffered by the government is consistent with later-received accounts regarding similar conduct by Defendant in the past. Further, Defendant's daughter reported that Defendant has preyed on young boys for 40 years.

Defendant is currently on probation for a harassment conviction that was entered in lieu of the original charge of sexual misconduct. Defendant also reportedly threatened violence against a neighbor who confronted Defendant about making sexual advances towards the neighbor's minor son.

The government's motion for pretrial detention is granted.